Prisoner discharged, because the warrant was issued by the county commissioners to collect a fine, and mentioned no proceeding by virtue of which it was issued; nor was any shewn at the hearing. But if the proceeding of a court martial imposing it, had been shewn, the Court would have left the prisoner to his action, and not have decided summarily upon the merits.

## The Commonwealth *against* ALEXANDER.

*HABEAS CORPUS* to the jailer of *Franklin* county. By the return it appeared that the relater, *Jacob Teach,* had been committed by a precept from the commissioners of *Franklin* county, having no property to make satisfaction of a fine referred to therein. The precept was dated the 24th of *February* 1812, directed to the collector of *Montgomery* township, commanding him to go to the house of the several persons named in a schedule annexed, of whom *Teach* was one, " as delinquents for not performing the late " tour of militia duty belonging to captain *Hayes's* company " of riflemen, and collect and pay the sums with which they " stand respectively charged," (48 dollars each person) " in " the same manner as the county tax is directed by law to " be collected and paid."

*Dunlop* for the prisoner, argued both against the sufficiency of the commitment, and the legality of the imposition of the fine.

*Chambers* contra.

TILGHMAN C. J. delivered the Court's opinion.

It appears from the return to this *habeas corpus,* that *Teach* is held in prison by virtue of a warrant from the commissioners of *Franklin* county, for the collection of a militia fine. The warrant contains a naked precept to collect the fine, without mention of any proceeding whatever, by virtue of which it was issued. The commissioners have no authority to issue a warrant without some foundation; and as no foundation has been shewn either on the face of the warrant or otherwise, although the commissioners have

had notice of the *habeas corpus*, it is the opinion of the Court that the prisoner should be discharged from confinement. It will be understood, that we pass no opinion on the legality of the imposition of this fine. That being a matter in which many persons are concerned, we should think it most proper for those who mean to contest it, to make it the subject of an action, in which the matter may be fully inquired into, and solemnly decided.